IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALI A. HARRISON-EL, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 24-CV-0413 |
| : | |
| BUCKS COUNTY : | |
| CRIMINAL JUSTICE CENTER, *et al.*, : | |
|     Defendants. : | |

MEMORANDUM

GALLAGHER, J.                                                                                       MAY 2, 2024

        Plaintiff Ali. A. Harrison-El, who is currently incarcerated at SCI Phoenix, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of his constitutional rights. Currently before the Court are Harrison-El's Complaint ("Compl." (ECF No. 2)), his Motion for Leave to Proceed *In Forma Pauperis* and Prisoner Trust Fund Account Statement (ECF Nos. 1, 7),[1] and a Motion to Recuse.[2] (*Id*.)   Named as Defendants are the Bucks County

---

[1] On February 27, 2024, Harrison-El filed a Prisoner Trust Fund Account Statement that reflects the balance in his account as of February 1, 2024, but does not reflect deposits, withdrawals and balances for the six-month period preceding his filing of this action on November 6, 2023. (*See* ECF No. 7.) This filing does not comply with the requirements of 28 U.S.C. §1915(a)(2). However, the Court notes that in his Motion for Leave to Proceed *In Forma Pauperis*, Harrison-El states that he had unsuccessfully requested account information at the Bucks County Correctional Facility "(BCCF)", where he was housed at the time he filed this action. (*See* ECF No. 1.) The docket reflects that an Administrative Order mailed to Harrison-El at BCCF was returned twice in February 2024, and that the one-month account statement provided by Harrison-El reflects his February 2024 balance at SCI Smithfield, where he was incarcerated at the time he filed the account statement. (*See* ECF No. 7.) The Court deems Harrison-El to have substantially complied with the requirements of 28 U.S.C. § 1915(a)(2) and will proceed with screening his Complaint.

[2] Harrison-El included a letter to the undersigned with his Prisoner Trust Fund Account Statement in which he seeks recusal. (ECF No. 7 at 1.) Without providing any basis for his claim, Harrison-El asserts that the undersigned has joined in a conspiracy against him with Bucks County "judicial and so-called professional entities," and on that basis seeks recusal. (*Id*.)

Criminal Justice Center,[3] Bucks County District Attorney Matthew D. Weintraub, Bristol Township Police Officers Jennifer R. Jacker and Kevin J. Jackson, and Bucks County Court of Common Pleas Judge Charissa J. Liller. (Compl. at 2-3.) He asserts his claims against the persons he has named as Defendants in their individual and official capacities. (*Id*.) For the following reasons, the Court will grant Harrison-El leave to proceed *in forma pauperis*. The Court will dismiss Harrison-El's request for vacatur of his convictions and release from confinement without prejudice to Harrison-El filing a *habeas corpus* petition. Harrison-El's claims against the BCJC, his official capacity claims against the individual Defendants, and his individual capacity claims against Judge Liller and DA Weintraub will be dismissed with prejudice for failure to state a claim. Harrison-El's Fourth Amendment malicious prosecution claim and his Sixth Amendment speedy trial claim will be dismissed without prejudice for failure to state a claim. He will not be permitted to amend these claims at this time. Rather, he may file a new civil action to reassert these claims if his underlying convictions or sentences are ever reversed, vacated, or otherwise invalidated. Harrison-El's individual capacity claims against Officers Jacker and Jackson will be dismissed without prejudice for failure to state a claim. Harrison-El's state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. Harrison-El will be granted leave to file an amended complaint to address his

---

Recusal is rarely justified based upon rulings made by the Court. *Liteky v. United States*, 510 U.S. 540, 554 (1994). Recusal is not required merely because of a litigant's "dissatisfaction with District Court rulings." *In re Brown*, 623 F. App'x 575, 576 (3d Cir. 2015). Further, a litigant's accusations of bias that are "unsupported, irrational, or highly tenuous speculation" do not require recusal. *Id.* Harrison-El's unsupported and speculative accusations do not warrant recusal and his motion will be denied. The Clerk of Court will be directed to separately docket the Motion.

[3] The Court understand Harrison-El to be referring to the Bucks County Justice Center ("BCJC").

claims against Jacker and Jackson and his state law claims. His Motion to Recuse will be denied.

I.     **FACTUAL ALLEGATIONS**[4]

Harrison-El's claims arise from court proceedings during which he alleges he was illegally sentenced by Defendant Liller. (Compl. at 4.) He alleges that on January 17, 2024, he appeared before Judge Liller, who allegedly forced Harrison-El to accept representation from attorney Craig Penglase. Harrison-El alleges that he previously filed a civil rights complaint in this Court against Penglase,[5] and, therefore, according to Harrison-El, Penglase was in a conflicted position with respect to his representation of Harrison-El at the time of the January 17, 2024 hearing. (*Id.*). He alleges that non-Defendant Penglase and the District Attorney (presumably Defendant Weintraub) conspired to hide the fact that his prosecution was untimely.[6] He also alleges that illegal evidence was presented at the hearing, and that Judge Liller imposed sentences in excess of the maximum permitted. (*Id.* at 7.)

The docket in *Commonwealth v. Harrison-El*, CP-09-CR-0790-2023 (C.P. Bucks) reflects that the case was initiated on January 1, 2023, and identifies Bristol Township Police

---

[4] The factual allegations set forth in this Memorandum are taken from Harrison-El's Complaint (ECF No. 2). The Court adopts the pagination supplied by the CM/ECF docketing system. Additionally, the Court includes facts reflected in the publicly available state court docket, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[5] *See Harrison-El v. Penglase*, No. 23-4726, No. 2024 WL 8996744, at *3-*4 (E.D. Pa. Mar. 1, 2024) (dismissing with prejudice §1983 claims against Penglase and related John Doe attorney).

[6] Harrison-El alleges that the incident giving rise to the criminal charges against him occurred on December 31, 2022, and that the time to prosecute him expired on December 31, 2024, thus the January 17, 2024 hearing was illegal and the charges against him should have been dismissed due to lack of prosecution. (*Id.* at 15.) The Court understands Harrison-El to be asserting a violation of the Sixth Amendment.

Officer Jennifer R. Jacker as the arresting officer. (*See id*.) The docket further reflects that following trial on November 3, 2023, Harrison-El was found guilty on charges of simple assault, theft by unlawful taking, and harassment. (*Id*.) On January 17, 2024, Judge Liller sentenced Harrison-El to two consecutive terms of one to two years on the simple assault and theft by taking convictions. (*Id*.) The docket in *Commonwealth v. Harrison-El*, CP-09-CR-3063-2023 (C.P. Bucks) identifies Bristol Township Police Officer Kevin J. Jackson as the arresting officer. (*See id*.) That docket reflects that on November 3, 2023, Harrison-El was found guilty on charges of simple assault and harassment. (*Id*.) On January 17, 2024, Judge Liller sentenced Harrison-El to a single term of one to two years on the simple assault conviction, to be served consecutively with the sentences imposed in CP-09-CR-0790-2023. (*Id*.)

Harrison-El asserts that he was denied the right to a speedy, fair, and impartial trial, and to his Sixth Amendment right to proper representation and self-representation. (*Id*. at 3, 4, 15.) He also alleges that his Eighth, and Fourteenth Amendment rights were violated. (*Id*. at 15.) He also asserts a Fourth Amendment malicious prosecution claim, and state law claims for malicious prosecution and defamation.[7] (*Id*. at 7.) As relief, he requests that his convictions be overturned, his sentences vacated, and that he not be subjected to any further probation or parole supervision. (*Id*.) He also requests money damages. (*Id*.)

---

[7] Harrison-El also seeks recovery based on cruel and unusual punishment. (*Id*. at 7.) There are no factual allegations in the Complaint describing whether or how the named Defendants subjected Harrison-El to cruel and unusual punishment, what form the punishment took, or when or where it was inflicted. This conclusory and undeveloped claim will be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (conclusory allegations do not suffice "to state a claim to relief that is plausible on its face").

II.     STANDARD OF REVIEW

The Court will grant Harrison-El leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[8]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Harrison-El is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

---

[8] However, as Harrison-El is a prisoner, he will be obligated to pay the full filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

## III. DISCUSSION

### A. Claim Seeking Vacatur of Convictions and Release from Confinement

Harrison-El asks that this Court overturn his convictions and vacate his sentences in the state court criminal cases underlying this case, and order that he not be subjected to further probation or parole supervision of any kind. (Compl. at 7.) This Court is not empowered to provide this relief in a § 1983 action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Jaffery v. Atl. Cnty. Prosecutor's Off.*, 695 F. App'x 38, 41-42 (3d Cir. 2017) (*per curiam*) ("[T]o the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus."); *Duran v. Weeks*, 399 F. App'x 756, 759 (3d Cir. 2010) (*per curiam*) ("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus."). Accordingly, this claim is dismissed without prejudice to Harrison-El filing a *habeas corpus* petition seeking this relief after exhausting state remedies.

### B. Constitutional Claims Seeking Money Damages

Harrison-El asserts violations of his Fourth, Sixth, Eighth, and Fourteenth Amendment rights based on the Defendants' participation in the January 17, 2024 sentencing hearing. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by

6

the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### 1. Claims Against the BCJC

Harrison-El includes the BCJC in the caption of his Complaint and, within the body of the Complaint, alleges that it is the employer of DA Weintraub and Judge Liller. (Compl. at 1-3.) This claim is not plausible. First, it is well-established that federal civil rights claims against a courthouse are not cognizable under § 1983, which permits suit against a "person" only. *See Elansari v. United States*, No. 15-1461, 2016 WL 4415012, at *5 n.9 (M.D. Pa. July 11, 2016); *Devenshire v. Kwidis*, No. 15-1026, 2016 WL 4032881, at *3 (W.D. Pa. June 28, 2016); *Robinson v. Mercer Cnty. Courthouse*, No. 12-4114, 2012 WL 4662967, at *3 (D.N.J. Oct. 1, 2012); *Bucano v. Sibum*, No. 12-0606, 2012 WL 2395553, at *11 (M.D. Pa. Apr. 23, 2012). Harrison-El's claims against the BCJC will be dismissed with prejudice.

### 2. Official Capacity Claims

Harrison-El asserts an official capacity claim against Judge Liller, who is an employee of the Bucks County Court of Common Pleas. Official capacity claims are, in essence, claims against the entity for whom the employee works. *See Kentucky v. Graham,* 473 U.S. 159, 105 (1985). The Bucks County Court of Common Pleas, as part of Pennsylvania's unified judicial system. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch.and Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). As part of Pennsylvania's unified judicial system, the Bucks County Court of Common Pleas shares in the

Commonwealth's Eleventh Amendment immunity, as do its employees acting in their official capacities. *See Benn*, 426 F.3d at 241. Accordingly, Harrison-El's official capacity claim against Judge Liller is barred by the Eleventh Amendment.

Harrison-El also asserts an official capacity claim against DA Weintraub, who is an employee of the Bucks County District Attorney's Office. The United States Court of Appeals for the Third Circuit has held that district attorney's offices in Pennsylvania are not entities subject to suit under § 1983. *See Reitz v. Cnty. of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997) (holding that "the Bucks County District Attorney's Office is not an entity for purposes of § 1983 liability"). Accordingly, this official capacity claim will be dismissed with prejudice.

Harrison-El also asserts official capacity claims against Officers Jacker and Jackson. Claims against municipal employees named in their official capacities are indistinguishable from claims against the governmental entity that employs them, here Bristol Township. *See Graham*, 473 U.S. at 165-66 ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

In order to state an official capacity claim against the officers' employer, Bristol Township, Harrison-El must allege that a municipal policy or custom caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). It is not enough, however, to allege the existence of a policy or custom. "A plaintiff must also allege that the policy or custom was the 'proximate

cause' of his injuries." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)). This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged. *Id.* Allegations that simply paraphrase the standard for municipal liability, are too vague and generalized to support a claim against the City. *See, e.g.*, *Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases).

Harrison-El does not include any factual allegations in his Complaint describing any custom or policy of Bristol Township that resulted in a violation of his constitutional rights. Accordingly, he has not stated a plausible official capacity claim against the officers. These claims will be dismissed without prejudice.

### 3. Individual Capacity Claims Against Judge Liller

Harrison-El asserts a claim against Judge Liller in her individual capacity based on conduct she engaged in during his January 17, 2024 sentencing hearing. He alleges that she forced him to accept representation that he did not want and imposed a sentence that was in excess of the maximum penalty allowed. (Compl. at 7.) Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court

9

has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or are taken as a result of a conspiracy with others. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

Harrison-El does not allege that Judge Liller acted outside the course and scope of her judicial duties, and the conduct described is undeniably judicial in nature. Moreover, there is no suggestion that Judge Liller acted in the complete absence of jurisdiction as a judge of the Court of Common Pleas.[9] Judge Liller thus enjoys absolute immunity from Harrison-El's claims based on her conduct during his sentencing hearing and his claims against her will be dismissed with prejudice.

### 4. Individual Capacity Claims Against DA Weintraub

Harrison-El asserts a claim against DA Weintraub based on his representation of the Commonwealth during Harrison-El's January 17, 2024 sentencing hearing. He alleges that Weintraub conspired with appointed counsel to hide the fact that Harrison-El's prosecution was untimely and that illegal evidence was presented during the hearing. (Compl. at 7, 15.) Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are

---

[9] Harrison-El may base his claims against Judge Liller on his apparent belief that he was sentenced by the wrong judge. (*See* Compl. at 3.) He alleges that his docket sheet reflects that his case was assigned to Judge McHugh, and not Judge Liller. (*Id.*) However, under Pennsylvania law, there is one Court of Common Pleas, and all Court of Common Pleas judges can act on any case before the court. *See* PA CONST Art. 5, § 5. Thus, simply because Harrison-El's case was allegedly not assigned to Judge Liller does not mean that she acted without jurisdiction when she presided over his sentencing hearing.

"intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Absolute immunity extends to the decision to initiate a prosecution, *Imbler*, 424 U.S. at 431, presenting a state's case at trial, and appearing before a judge to present evidence. *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020). *See also Rogers v. Harnett Cnty.*, No. 22-0208, 2022 WL 18779920, at *4 (E.D. N.C. Dec. 20, 2022) (District Attorney and Assistant District Attorneys were immune from claims arising from, *inter alia*, participation in sentencing hearings). Because all of the conduct alleged to have been engaged in by Defendant Weintraub occurred in the course of his representation of the Commonwealth in Harrison-El's criminal proceeding, he is entitled to absolute immunity and the claim against him will be dismissed with prejudice.

### 5. Individual Capacity Claims Against Officers Jacker and Jackson

Harrison-El asserts individual capacity claims against Officers Jacker and Jackson. However, there are no allegations in the Complaint describing Jacker or Jackson's participation in the events giving rise to Harrison-El's claims.[10] (*See* Compl.) "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). Because there are no allegations that Jacker and Jackson were involved in the sentencing hearing, or otherwise acted

---

[10] The Court notes that Harrison-El refers to the presence of "several sheriffs" at the January 17, 2024 hearing. (Compl. at 7.) It is not clear that this is a reference to Jacker and Jackson, but even if it is, the sheriffs are not alleged to have participated in the proceedings. Harrison-El only alleges that they were present.

to violated Harrison-El's rights, the claims against them must be dismissed. Harrison-El will be granted leave to amend these claims.

### 6. Malicious Prosecution and Sixth Amendment Speedy Trial Claims

Harrison-El alleges that he was illegally sentenced and asserts a Fourth Amendment malicious prosecution claim. [11] (Compl. at 7.) He also alleges that his prosecution was untimely. (*Id*. at 15.) Harrison-El's claims cannot proceed, because malicious prosecution claims or other claims that clearly challenge a litigant's conviction or sentence are barred by *Heck v. Humphrey*, 512 U.S. 477, 479 (1994) ("[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]") (footnote and citation omitted); *see also Nash v. Kenney*, No. 19-1256, 2019 WL 4071946, at *2 (3d Cir. Aug. 29, 2019) (*per curiam*) ("Nash's malicious-prosecution and speedy-trial claims—which challenge his post-arraignment detainment—are barred by the favorable-termination rule of [*Heck*]."); *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison

---

[11] "To prove a Fourth Amendment malicious prosecution claim, a plaintiff must show: '(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.'" *Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (quoting *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007)).

proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck,* 512 U.S. at 487.

If the Court were to entertain these claims and find in favor of Harrison-El, the validity of his sentences would be called into question. Since public records show that neither Harrison-El's conviction nor his sentences have been reversed or otherwise been declared invalid or called into question in the context of a *habeas corpus* proceeding or otherwise, and since success on Harrison-El's claims would necessarily imply the invalidity of the sentences imposed by Judge Liller, his claim is not cognizable. This claim will be dismissed without prejudice for failure to state a claim. However, Harrison-El will not be permitted to amend this claim at this time. Rather, he may file a new civil action to reassert this claim if his underlying convictions or sentences are ever reversed, vacated, or otherwise invalidated.

### C. State Law Claims

Harrison-El asserts state law claims for defamation and malicious prosecution. (Compl. at 7.) Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). The plaintiff has the burden of pleading the existence of the court's jurisdiction, *see* Fed. R. Civ. P. 8, and "'in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.'" *Craven v. Leach*, 647 F. App'x 72, 75 (3d Cir. 2016) (quoting *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.,* 177 F.3d 210, 222 n. 13 (3d Cir.1999)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). Harrison-El does not allege the citizenship of the parties. Rather, he provides only a prison address for himself and Pennsylvania business addresses for the Defendants, which suggests that he and some, if not all, of the Defendants may be Pennsylvania citizens. Accordingly, Harrison-El has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue. Harrison-El's state law claims will be dismissed without prejudice. He will be granted leave to amend these claims to allege diversity of citizenship if he can plausibly do so.

## IV.      CONCLUSION

For the foregoing reasons, the Court will grant Harrison-El leave to proceed *in forma pauperis*. The Court will dismiss Harrison-El's request for vacatur of his convictions and release from confinement without prejudice to Harrison-El filing a *habeas corpus* petition. Harrison-El's claim against the BCJC, his official capacity claims against the individual Defendants, and his individual capacity claims against Judge Liller and DA Weintraub will be dismissed with prejudice for failure to state a claim. Harrison-El's Fourth Amendment malicious prosecution claim and his Sixth Amendment speedy trial claim will be dismissed without prejudice for failure to state a claim. He will not be permitted to amend these claims at this time. Rather, he may file a new civil action to reassert these claims if his underlying convictions or sentences are ever reversed, vacated, or otherwise invalidated. Harrison-El's individual capacity claims against Officers Jacker and Jackson will be dismissed without prejudice for failure to state a claim. Harrison-El's state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. Harrison-El will be granted leave to file an amended complaint addressing his claims against Jacker and Jackson and his state law claims. His Motion to Recuse will be denied.

An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge