S attachedIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALI A. HARRISON-EL, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. 24-CV-0413 |
| | : | |
| BUCKS COUNTY | : | |
| CRIMINAL JUSTICE CENTER, *et al.*, | : | |
|     Defendants. | : | |

**ORDER**

**AND NOW**, this 2nd day of May, 2024, upon consideration of Plaintiff Ali A. Harrison-El's Motion to Proceed *In Forma Pauperis* and Prisoner Trust Fund Account Statement (ECF Nos. 1, 7), *pro se* Complaint (ECF No. 2), and Motion to Recuse, **IT IS HEREBY ORDERED** that:

    1.    The Clerk of Court is **DIRECTED** to **AMEND** the docket to reflect that Harrison-El is currently housed at SCI Phoenix under inmate number QQ1519.

    2.    Leave to proceed *in forma pauperis* is **GRANTED**.

    3.    Ali A. Harrison-El, #QQ1519, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Phoenix or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Harrison-El's inmate account; or (b) the average monthly balance in Harrison-El's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Harrison-El's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling

20% of the preceding month's income credited to Harrison-El's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

4. The Clerk of Court is **DIRECTED** to **SEND** a copy of this Order to the Superintendent of SCI Phoenix.

5. The Complaint is **DEEMED** filed.

6. For the reasons stated in the Court's Memorandum, Harrison-El's Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** as follows:

   a. Harrison-El's request for vacatur of his convictions and release from confinement is **DISMISSED WITHOUT PREJUDICE** to him proceeding on a petition for a writ of *habeas corpus*.

   b. Harrison-El's claims against the Bucks County Justice Center (incorrectly identified as the "Bucks County Criminal Justice Center"), his official capacity claims against the individual Defendants, and his individual capacity claims against Judge Liller and DA Weintraub are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

   c. Harrison-El's Fourth Amendment malicious prosecution claim and his Sixth Amendment speedy trial claim are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. He will not be permitted to amend these claims at this time. Rather, he may file a new civil action to reassert these claims if his underlying convictions or sentences are ever reversed, vacated, or otherwise invalidated.

   d. Harrison-El's individual capacity claims against Officers Jacker and Jackson are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

      e.      Harrison-El's state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

    7.      The Clerk of Court is **DIRECTED** to **TERMINATE** the Bucks County Justice Center, Charissa J. Liller and Matthew D. Weintraub as Defendants.

    8.      Harrison-El may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Harrison-El's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Harrison-El should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. **Harrison-El may not include in his amended complaint any claim already dismissed with prejudice or determined to be barred by *Heck v. Humphrey*, 512 U.S. 477, 479 (1994).** Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

    9.      The Clerk of Court is **DIRECTED** to send Harrison-El a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Harrison-El may use this form to file his amended complaint if he chooses to do so.

    10.      If Harrison-El does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing Harrison-El's excessive force and official capacity claims. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the

district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

11.If Harrison-El fails to file any response to this Order, the Court will conclude that Harrison-El intends to stand on his Complaint and will issue a final order dismissing his excessive force and official capacity claims.[1]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

12.The Clerk of Court is **DIRECTED** to separately docket pages 1 and 2 of ECF No. 7 as "Plaintiff'*'*s Motion to Recuse." The Motion to Recuse is **DENIED**.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).