IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALI A. HARRISON-EL, : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 24-CV-0413 |
| : | |
| BUCKS COUNTY : | |
| CRIMINAL JUSTICE CENTER, *et al.*, : | |
| Defendants. : | |

**MEMORANDUM**

**GALLAGHER, J.** **FEBRUARY 20, 2025**

 Currently before the Court is a Motion for Reconsideration filed *pro se* by Plaintiff Ali. A. Harrison-El, a convicted prisoner who is currently incarcerated at SCI Phoenix. ("Motion" (ECF No. 12.)) The Motion seeks reconsideration of this Court's June 24, 2024 Order, which dismissed Harrison-El's claims with prejudice when he did not timely file an amended complaint. (*See* ECF No. 11.) A proposed Amended Complaint is attached to the Motion. (*See* ECF No. 12 at 3-13.) In his proposed Amended Complaint, Harrison-El asserts claims against the Bristol Township Police Department, Bristol Township Police Officers Kevin J. Jackson, Jennifer R. Jacker, and Kyle McKenna, and nine unnamed Bristol Township Police Officers. (*Id*. at 4-5.) He asserts his claims against the persons he has named as Defendants in their individual and official capacities. (*Id*.) For the following reasons, the Court will grant Harrison-El's Motion for Reconsideration, deem his Amended Complaint filed, and direct that it be separately docketed. The Court will again dismiss Harrison-El's request for vacatur of his convictions and release from confinement without prejudice to Harrison-El filing a *habeas corpus* petition. Harrison-El's claims against the Bristol Township Police Department, his official capacity claims against the individual Defendants, and his individual capacity claims against Jackson and Jacker will be dismissed with prejudice for

failure to state a claim. Harrison-El's Fourth Amendment malicious prosecution claim will again be dismissed without prejudice for failure to state a claim. He will not be permitted to amend this claim at this time. Rather, he may file a new civil action to reassert this claim if his underlying convictions or sentences are ever reversed, vacated, or otherwise invalidated. Harrison-El's state law claims will be dismissed without prejudice for lack of subject matter jurisdiction, but without further leave to amend. Harrison-El's claims against McKenna and the nine unidentified Bristol Township police officers will be dismissed without prejudice for failure to state a claim. Harrison-El will be granted leave to file a second amended complaint to address his claims against these Bristol Township Police Officers.

## I.      PROCEDURAL HISTORY

In his original Complaint, Harrison-El asserted claims arising from state court criminal proceeding during which he alleged he was illegally sentenced to two terms of imprisonment. *See Harrison-El v. Bucks Cnty. Crim. Justice Cntr.*, No. 24-0413, 2024 WL 1976549, at *2 (E.D. Pa. May 3, 2024). He asserted both individual and official capacity claims against the individual Defendants. *Id*. at *1. As relief, he requested that his convictions be overturned and his sentences vacated, that he not be subject to further probation or parole supervision, and that he be awarded money damages. *Id*. at *2. Upon screening, the Court dismissed with prejudice Harrison-El's claims against the Bucks County Justice Center, his official capacity claims against the individual Defendants, and his individual capacity claims against Bucks County Court of Common Pleas Judge Charissa J. Liller and Bucks County District Attorney Matthew D. Wientraub for failure to state a claim. *Id*. at *7. Harrison-El's Fourth Amendment malicious prosecution claim, and his Sixth Amendment speedy trial claim were dismissed without prejudice for failure to state a claim and without leave to amend, but with leave to file a new civil action reasserting those claims if his

underlying convictions or sentences were ever reversed, vacated, or otherwise invalidated. *Id*. His individual capacity claims against Bristol Township Police Officers Jackson and Jacker were dismissed without prejudice for failure to state a claim, and his related state law claims were dismissed for lack of subject matter jurisdiction. *Id*. He was granted leave to file an amended complaint addressing his claims against Jackson and Jacker, and his state law claims. *Id*.

When Harrison-El did not file an amended complaint within the time permitted, the Court entered an Order dismissing his constitutional claims with prejudice and his state law claims without prejudice for lack of subject matter jurisdiction, but without further leave to amend. (*See* June 24, 2024 Order, ECF No. 11.) On July 15, 2024, Harrison-El filed the instant Motion, which is ripe for review.

## II.     MOTION FOR RECONSIDERATION

Since a final judgment has been entered in this case, the Court will construe Harrison-El's pending motion as a conjoined motion for reconsideration and for leave to file an amended complaint.[1] *See Lacey v. City of Newark*, 828 F. App'x 146, 150 (3d Cir. 2020) (*per curiam*) ("A post-judgment motion to amend a complaint is properly construed as either a motion pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure, depending upon when it was filed." (citing *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 230 (3d Cir. 2011))). "[W]hen a timely motion to amend the complaint is filed under Rule 59(e), 'the Rule 15 and 59 inquiries turn on the same factors,' and leave to amend must be assessed for 'undue delay, bad faith, prejudice to the opposing party, or futility.'" *Lacey*, 828 F. App'x at 150 (quoting *Jang v. Boston Sci. Scimed, Inc.*, 729 F.3d 357, 367-68 (3d Cir. 2013)). "Therefore, the fact that the amended pleading

---

[1] Harrison-El's motion was filed within 28 days of the entry of the Order dismissing his case, and is, therefore, a timely filed motion for reconsideration under Federal Rule of Civil Procedure 59(e).

offered by the movant will not cure the defects in the original pleading that resulted in the judgment of dismissal may be a valid reason both for denying [amendment and reconsideration]." *See Ahmed v. Dragovich*, 297 F.3d 201, 209 (3d Cir. 2002); *see also Jang*, 729 F.3d at 368. Upon reviewing the proposed AC, the Court will grant Harrison-El's Motion and, for the following reasons, dispose of the claims as described above.

### III.   FACTUAL ALLEGATIONS[2]

The allegations in Harrison-El's original Complaint arose from the January 17, 2024, courtroom proceedings that resulted in Harrison-El's conviction and imprisonment. *See Harrison-El*, 2024 WL 1976549 at *2. The claims asserted in the AC appear to arise from events that occurred in 2020, during the period December 31, 2022 through January 20, 2023, and during the period February 14, 2023 through April 26, 2023. (AC at 7.) During those time periods, Defendants Jackson and Jacker allegedly filed false police reports, fabricated evidence and detained Harrison-El based on the allegedly false evidence. (*Id*.) They also allegedly participated in a conspiracy to fraudulently convict Harrison-El on unidentified criminal charges. (*Id*.) Defendant McKenna and nine unidentified Bristol Township police officers allegedly participated in the conspiracy, and in furtherance of the conspiracy, allegedly committed perjury, assaulted Harrison-El, attempted homicide and the infliction of serious bodily injury upon him, and sought to cover up this conduct. (*Id*.) As a result of this conduct, Harrison-El alleges that he has been deprived of his liberty and his due process rights, and has experienced physical, mental, and

---

[2] The factual allegations set forth in this Memorandum are taken from Harrison-El's Amended Complaint (ECF No. 12 at 3-13). The Court adopts the pagination supplied by the CM/ECF docketing system. Where appropriate, grammar, spelling, and punctuation errors in Harrison-El's pleading will be corrected for clarity. Additionally, the Court includes facts reflected in the publicly available state court docket, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

emotional distress. (*Id*.) He asserts Fourth Amendment search and seizure and false arrest claims, a malicious prosecution claim, and claims for violations of his Sixth,[3] Eighth, and Fourteenth Amendment rights.[4] (*Id*. at 5, 6.) As relief, he again requests that his convictions be overturned, his sentences vacated, and that he not be subjected to any further probation or parole supervision. (*Id*. at 7.) He also requests that the Defendant police officers be relieved of their duties.[5] (*Id*.) He also requests money damages. (*Id*.)

---

[3] Harrison-El included a Sixth Amendment speedy trial claim in his original Complaint, which was dismissed without prejudice and without leave to amend, but with leave to reassert the claim in a new civil action in the event his state court convictions were invalidated. *See Harrison-El*, 2024 WL 1976549, at *7. There are no factual allegations in the AC pertaining to a speedy trial claim. *See* AC. The Court will not address Harrison-El's Sixth Amendment claim further except to note that the prior ruling stands.

[4] Harrison-El also references the Americans with Disabilities Act, but there are no allegations in the AC that would give rise to a claim under this statute. This conclusory and undeveloped claim will be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (conclusory allegations do not suffice "to state a claim to relief that is plausible on its face."); *see also, Horn v. U.S. Dep't of Veterans Affs.*, 941 F. Supp. 2d 137, 140 (D.D.C. 2013), *aff'd*, No. 13-5144, 2013 WL 5975966 (D.C. Cir. Oct. 17, 2013) ("Merely mentioning the due process clause, however, does not suffice to maintain a federal claim.").

[5] The Court is not empowered to grant such relief as a remedy under § 1983. *Buskirk v. Pennsylvania Bd. of Prob. & Parole*, No. 22-1826, 2022 WL 4542094, at *2 (E.D. Pa. Sept. 28, 2022) (stating "the Court has no authority to terminate the employment of a state employee") (citing *Teal v. Moody*, No. 15-1402, 2019 WL 6702405, at *1 (M.D. Fla. July 10, 2019) ("[T]o the extent Teal suggests that this Court reprimand the Defendants and/or terminate their employment, this Court does not have the authority to reprimand state employees and/or terminate their employment.")); *Theriot v. Woods*, No. 09-199, 2010 WL 623684, at *4-5 (W.D. Mich. Feb. 18, 2010) (holding that requesting injunctive relief in the form of ordering the firing of defendants is "frivolous," "entirely improper," and "not available under 42 U.S.C. § 1983" and that the court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"); *see also, Joseph v. Dep't of Corr.*, No. 20-294, 2022 WL 4001116, at *6 (D. Al. Aug. 9, 2022), *report and recommendation adopted*, 2022 WL 3996357 (D. Al. Sept. 1, 2022) (holding that "[m]oreover, it is not apparent that the injunctive relief sought – the firing of Defendants from their positions within DOC – is an available remedy" in a § 1983 claim noting that Supreme Court has continuously cautioned federal courts from assuming "a greater role in decisions affecting prison administration." (citing *Shaw v. Murphy*, 532 U.S. 223, 230 (2001); *Turner v. Safley*, 482 U.S. 78, 84-85 (1987)).

Public records reflect that Harrison-El suffered two criminal convictions relevant to his claims in this case. The docket in *Commonwealth v. Harrison-El*, CP-09-CR-0790-2023 (C.P. Bucks) reflects that a criminal case was initiated on January 1, 2023, and identifies Bristol Township Police Officer Jennifer R. Jacker as the arresting officer. (*See id.*) The docket further reflects that following trial on November 3, 2023, Harrison-El was found guilty on charges of simple assault, theft by unlawful taking, and harassment. (*Id.*) On January 17, 2024, Judge Liller sentenced Harrison-El to two consecutive terms of one to two years on the simple assault and theft by taking convictions. (*Id.*) The docket reflects that an appeal is pending. (*Id.*) The second conviction is *Commonwealth v. Harrison-El*, CP-09-CR-3063-2023 (C.P. Bucks) for which the docket identifies Bristol Township Police Officer Kevin J. Jackson as the arresting officer. (*See id.*) That docket reflects that on November 3, 2023, Harrison-El was found guilty on charges of simple assault and harassment. (*Id.*) On January 17, 2024, Judge Liller sentenced Harrison-El to a single term of one to two years on the simple assault conviction, to be served consecutively with the sentences imposed in CP-09-CR-0790-2023. (*Id.*) The docket reflects that an appeal is pending. (*Id.*)

## IV.    STANDARD OF REVIEW

The Court has already granted Harrison-El leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the AC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotations omitted); *Talley v.*

*Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Harrison-El is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The United States Court of Appeals for the Third Circuit explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

7

V.   **DISCUSSION**

   A.   **Claim Seeking Vacatur of Convictions and Release from Confinement**

Harrison-El again asks that this Court overturn his convictions and vacate his sentences in his two state court criminal cases, and order that he not be subjected to further probation or parole supervision of any kind. (AC at 7.) As noted in the Court's original screening Memorandum, this Court is not empowered to provide this relief in a § 1983 action. *Harrison-El*, 2024 WL 1976549, at *3 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Jaffery v. Atl. Cnty. Prosecutor's Off.*, 695 F. App'x 38, 41-42 (3d Cir. 2017) (*per curiam*) ("[T]o the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus."); *Duran v. Weeks*, 399 F. App'x 756, 759 (3d Cir. 2010) (*per curiam*) ("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus.")). Accordingly, this claim is again dismissed without prejudice to Harrison-El filing a *habeas corpus* petition seeking this relief after exhausting state remedies.

   B.   **Constitutional Claims Seeking Money Damages**

Harrison-El asserts violations of his Fourth, Eighth, and Fourteenth Amendment rights based on the Defendants' alleged fabrication of evidence, filing of false police reports, detaining him based on the false charges reflected in the police reports, and physically assaulting him. (*See* AC at 5, 6.) The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

1. **Claims Against the Bristol Township Police Department**

Harrison-El names the Bristol Township Police Department as a Defendant in the AC. Following the decision in *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See, e.g.*, *Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dep't*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Therefore, the Bristol Township Police Department is not a proper defendant in this case under Section 1983 and any claims against it must be dismissed with prejudice.

2. **Official Capacity Claims**

As he did in his original Complaint, Harrison-El again asserts official capacity claims against the Defendant Bristol Township police officers. However, as the Court previously explained, claims against municipal employees named in their official capacities are indistinguishable from claims against the governmental entity that employs them, here Bristol

Township.  *See Harrison-El*, 2024 WL 1976549, at *3 (quoting *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell*, 436 U.S. at 690, n. 55).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Graham*, 473 U.S. at 165-66.

The Court further explained that, to state an official capacity claim against the officers' employer, Bristol Township, Harrison-El needed to allege that a municipal policy or custom caused the alleged constitutional violation.  *See Harrison-El*, 2024 WL 1976549, at *3 (citing *Monell*, 436 U.S. at 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003)).  The Court dismissed Harrison-El's official capacity claims because he did not include any factual allegations in his Complaint describing any custom or policy of Bristol Township that resulted in a violation of his constitutional rights.  *Id*. at *4.  His AC suffers from the same deficiency in that he includes no factual allegations describing a custom or policy of Bristol Township that resulted in a violation of Harrison-El's constitutional rights.  Accordingly, he has not stated a plausible official capacity claim against the Bristol Township police officers.  As Harrison-El has already been given an opportunity to cure the defects in his official capacity claims and has been unable to do so, the Court concludes that further amendment would be futile.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"); *Robinson v. Delbalso*, No. 22-2378, slip op. at 5 (3d. Cir. Nov. 28, 2022) (*per curiam*) ("because Robinson has had two opportunities to amend his complaint, declining to grant further leave to amend was proper.").  These claims, therefore, will be dismissed with prejudice.

### 3. Individual Capacity Claims Against Bristol Township Police Officers

In his original Complaint, Harrison-El asserted individual capacity claims against Officers Jackson and Jacker. The Court dismissed the claims because there were no factual allegations in the Complaint describing Jackson's or Jacker's participation in the events giving rise to Harrison-El's claims. *See Harrison-El*, 2024 WL 1976540, at *5 (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

In his AC, Harrison-El alleges that Officers Jackson and Jacker filed false police reports, fabricated evidence, illegally detained him on the false charges, and engaged in a criminal conspiracy to convict him on the charges. (AC at 7.) He further alleges that Defendant McKenna and nine unnamed officers aided and abetted in the conspiracy by committing perjury, assaulting him, attempting homicide, and acting in a manner designed to cover up their conduct. (*Id*.) These conclusory and undeveloped allegations do not plausibly state a claim against any of the named Defendants. See *Iqbal*, 556 U.S. at 678. Moreover, merely providing labels for claims, such as "conspiracy," "assault," and "attempting homicide" without alleging actual facts does not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. *See Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).

Harrison-El alleges in conclusory fashion that Defendants Jackson and Jackers filed false police reports, but he does not describe the contents of those reports or the falsities they contained. He alleges that they fabricated evidence but does not describe the fabrication. He alleges that Defendant McKenna engaged in perjury, but he does not describe when or where this occurred or the nature of the perjured statements. He claims that he was the victim of assault and attempted homicide at the hands of these Defendants but does not include any facts describing these events. In short, the AC fails to provide fair notice of the grounds upon which Harrison-El's claims against the Defendants rest, as required by Rule 8. *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits). For these reasons, Harrison-El's claims against Jackson, Jacker, McKenna, and the nine unnamed officers must be dismissed. As Harrison-El has already been given an opportunity to cure the defects in his claims against Jackson and Jacker and has been unable to do so, the Court concludes that further amendment would be futile, and these claims will be dismissed with prejudice. *See Jones*, 944 F.3d at 483; *Robinson*, No. 22-2378, slip op. at 5. Harrison-El's claims against Defendant McKenna will be dismissed without prejudice and he will be granted leave to amend these claims.

### 4.     **Malicious Prosecution Claims**

Harrison-El alleges that he has been subject to malicious prosecution.[6] (AC at 5.) As the Court previously explained, this claim cannot proceed, because malicious prosecution claims or

---

[6] To state a plausible Fourth Amendment malicious prosecution claim, a plaintiff must allege: "'(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously

12

other claims that clearly challenge a litigant's conviction or sentence are barred by *Heck v. Humphrey*, 512 U.S. 477, 479 (1994)) ("[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]") (footnote and citation omitted). *See Harrison-El*, 2024 WL 1976549, at *6 (citations omitted).

Publicly available dockets reflect that Harrison-El's underlying criminal cases are on appeal, thus neither his convictions nor his sentences have been reversed or otherwise been declared invalid or called into question in the context of a *habeas corpus* proceeding or otherwise. Because success on the malicious prosecution claim asserted in the AC would necessarily imply the invalidity of the sentences imposed by Judge Liller, it is not cognizable. This claim will again be dismissed without prejudice for failure to state a claim. However, Harrison-El will not be permitted to amend this claim at this time. Rather, he may file a new civil action to reassert this claim if his underlying convictions or sentences are ever reversed, vacated, or otherwise invalidated.

### C. State Law Claims

Harrison-El asserts state law claims for malicious prosecution, assault, attempted homicide, and conspiracy. (AC at 5.) The Court previously dismissed Harrison-El's state law

---

or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.'" *Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (quoting *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007)).

claims for lack of subject matter jurisdiction. *See Harrison-El*, 2024 WL 1976549, at *6. The Court explained that in the absence of plausible federal claims Harrison-El would be required to establish that diversity jurisdiction existed if he intended to pursue his state law claims in this Court. *Id*. at *4. The Court described how diversity jurisdiction is established, emphasizing the need for complete diversity of citizenship among the parties, provided Harrison-El with relevant caselaw, and granted him leave to amend his claims to address this deficiency. *Id*. at *5. Harrison-El's federal claims having been dismissed again, and the only independent basis for jurisdiction over Harrison-El's state law claims is 28 U.S.C. § 1332(a). However, in his AC, Harrison-El again does not allege the citizenship of the parties. Again, he provides only a prison address for himself and the address of the Bristol Township Police Department for the Defendants, (*see* AC at 4-5), which suggests that he and some, if not all, of the Defendants may be Pennsylvania citizens. As Harrison-El has already been given an opportunity to establish diversity of citizenship of the parties and has been unable to do so, the Court concludes that further amendment would be futile. Harrison-El's state law claims will be dismissed without prejudice for lack of subject matter jurisdiction, but without leave to further amend.

## VI.     CONCLUSION

For the foregoing reasons, the Court will grant Harrison-El's Motion for Reconsideration, deem his Amended Complaint filed, and direct that it be separately docketed. The Court will again dismiss Harrison-El's request for vacatur of his convictions and release from confinement without prejudice to Harrison-El filing a *habeas corpus* petition. Harrison-El's claims against the Bristol Township Police Department, his official capacity claims against the individual Defendants, and his individual capacity claims against Jackson and Jacker will be dismissed with prejudice for failure to state a claim. Harrison-El's Fourth Amendment malicious prosecution claim will again

be dismissed without prejudice for failure to state a claim. He will not be permitted to amend this claim at this time. Rather, he may file a new civil action to reassert this claim if his underlying convictions or sentences are ever reversed, vacated, or otherwise invalidated. Harrison-El's state law claims will be dismissed without prejudice for lack of subject matter jurisdiction, but without further leave to amend. Harrison-El's claims against McKenna and the nine unidentified Bristol Township police officers will be dismissed without prejudice for failure to state a claim. Harrison-El will be granted leave to file a second amended complaint to address his claims against these remaining Defendants only.

  An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge
