IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALI A. HARRISON-EL, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 24-CV-0413 |
| : | |
| BUCKS COUNTY : | |
| CRIMINAL JUSTICE CENTER, *et al.*, : | |
|     Defendants. : | |

## ORDER

AND NOW, this 20th day of February, 2025, upon consideration of Plaintiff Ali A. Harrison-El's Motion for Reconsideration (ECF No. 12) to which is appended his *pro se* Amended Complaint, it is **ORDERED** that:

1. Harrison-El's Motion for Reconsideration (ECF No. 12) is **GRANTED** and his Amended Complaint is **DEEMED** filed.

2. The Clerk of Court is **DIRECTED** to separately docket Harrison-El's Amended Complaint, which was included with his Motion for Reconsideration (ECF No. 12 at 3-13).

3. For the reasons stated in the Court's Memorandum, Harrison-El's Amended Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** as follows:

    a. Harrison-El's request for vacatur of his convictions and release from confinement is **DISMISSED WITHOUT PREJUDICE** to him proceeding on a petition for a writ of *habeas corpus*.

    b. Harrison-El's claims against the Bristol Township Police Department, his official capacity claims against the individual Defendants, and his individual capacity

claims against Officers Kevin J. Jackson and Jennifer R. Jacker are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

  c. Harrison-El's Fourth Amendment malicious prosecution claim is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.  No leave to amend is granted in this case but Harrison-El may file a new civil action to reassert this claims if his underlying convictions or sentences are ever reversed, vacated, or otherwise invalidated.

  d. Harrison-El's individual capacity claims against Officer McKenna and the nine unnamed Bristol Township police officers are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

  e. Harrison-El's state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction, but without further leave to amend.

8. The Clerk of Court is **DIRECTED** to **ADD** the Bristol Township Police Department and Offficer Kyle McKenna as Defendants.  The Clerk of Court is **DIRECTED** to **TERMINATE** the Bristol Township Police Department, Kevin J. Jackson, and Jennifer R. Jacker as Defendants.

8. Harrison-El may file a second amended complaint within thirty (30) days of the date of this Order.  Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Harrison-El's claims against each defendant.  The second amended complaint shall be a complete document that does not rely on the initial Complaint, Amended Complaint, or other papers filed in this case to state a claim.  When drafting his second amended complaint, Harrison-El should be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the Court's Memorandum.  **Harrison-El may**

**not include in his second amended complaint any claim already dismissed with prejudice, namely his claims against the Bristol Township Police Department, Kevin J. Jackson, and Jennifer R. Jacker, or his malicious prosecution claim determined to be barred by *Heck v. Humphrey*, 512 U.S. 477, 479 (1994). Leave to amend is LIMITED to claims against Defendant McKenna and the nine as yet unidentified Defendants.** Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

9. The Clerk of Court is **DIRECTED** to send Harrison-El a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Harrison-El may use this form to file his second amended complaint if he chooses to do so.

10. If Harrison-El does not wish to file a second amended complaint and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing Harrison-El's claims. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

11. If Harrison-El fails to file any response to this Order, the Court will conclude that

Harrison-El intends to stand on his Amended Complaint and will issue a final order dismissing his claims.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
UNITED STATES DISTRICT COURT JUDGE

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).